# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THONG CAO, INDIVIDUALLY AND D.B.A. CAO PROPERTIES & RENTALS, MAI CAO, VAN T. LE, AND TONG NGUYEN,<br><br>　　　　Defendants. | )<br>)<br>)<br>)　Civil No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff, the United States of America alleges as follows:

## NATURE OF THE ACTION

1. This action is brought by the United States to enforce the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631 ("FHA").

2. The United States brings this action under 42 U.S.C. § 3612(o) on behalf of Ruth Wright and Malika Hollumn and under 42 U.S.C. § 3614(a).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o)(1) and 3614(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the United States' claim occurred in this District.

## THE DEFENDANTS AND THE SUBJECT PROPERTIES

5. At all times relevant to this action, Defendant Thong Cao d/b/a/ Cao Properties and Rentals ("Cao") and Defendant Mai Cao ("Mai Cao") owned and operated five or more rental properties in Wichita, Kansas, including a single-family home located at 6100 W. York Court, a three-unit property located at 826 N. Oliver Avenue, a three-unit property located at 836 N. Oliver Avenue, a three-unit property located at 827 Glendale Avenue, and a three-unit property located at 837 Glendale Avenue. Cao and Mai Cao may have owned additional rental properties in the Wichita area.

6. At all times relevant to this action, Defendants Van T. Le and Tong Nguyen owned four or more rental properties in Wichita, Kansas, including a three-unit property located at 1614 E. Tulsa Street (together, 1614-1618 E. Tulsa), a three-unit property located at 1620 E. Tulsa Street (together, 1620-1624 E. Tulsa), and a three-unit property located at 1615 E. Crowley Street (together, 1615-1619 E. Crowley). Le and Nguyen may have owned additional rental properties in the Wichita area.

7. At all times relevant to this action, Cao controlled or had the power to control all aspects of the management of the rental properties owned by Defendants. Cao performed such management in his capacity as co-owner of the properties and/or as the agent of owners Mai Cao, Le and/or Nguyen.

8. The properties owned or managed by the Defendants are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

## **ALLEGATIONS OF SEXUAL HARASSMENT**

### **Sexual Harassment of Ruth Wright**

9. In approximately November 2008, Wright signed a lease with Cao to rent a one-bedroom unit at 1615 E. Crowley Street. Approximately one month later, she moved into a two-bedroom unit at 1619 E. Crowley Street. These properties were owned by Defendants Le and Nguyen.

10. In approximately 2010, Wright moved to the property at 6100 W. York Court. Her rent at that property was $800 per month. This property was owned by Defendants Cao and Mai Cao.

11. At some point during her tenancy at 1619 E. Crowley Street, Wright began performing property management duties for Cao. She began collecting rent from some of the properties owned and/or managed by Cao and was compensated by receiving a percentage of the total rent she collected. She later took on responsibilities showing and leasing properties and performing maintenance duties.

12. Cao and Wright had varying payment arrangements throughout her tenancies, including payment in cash and performing property management duties in exchange for rent.

13. Throughout her tenancies at the E. Crowley and York Court properties, Cao subjected Wright to severe, pervasive, and unwelcome sexual harassment on multiple occasions, including but not limited to:

   a. Entering Wright's unit unannounced and touching her body while she slept in her bed;

   b. Grabbing or touching her buttocks;

   c. Conditioning tangible housing benefits, including forgiving or reducing rent, on engaging in sexual conduct with Cao – for example, telling Wright that if she slept with him once a week, she would not have to pay rent;

   d. Repeatedly asking her for sex;

3

    e. Making unwelcome sexual comments, including comments about her body;

    f. Telling Wright that he would be her "sugar daddy" and calling her his "girlfriend;" and

    g. Questioning Wright about her relationship with her boyfriend, and telling Wright that her boyfriend did not love her but he (Cao) did.

14. Wright refused all of Cao's sexual advances and indicated that his conduct was unwelcome.

15. After Wright refused Cao's sexual advances, on or about June 6, 2014, Wright was served with a notice of an eviction hearing for failure to pay rent at 6100 W. York Court.

16. Prior to the eviction hearing, Wright met with Cao's attorney and negotiated a move out date of June 20, 2014.  Wright agreed not to contest the eviction.  She moved out on June 20, 2014.

17. Cao's conduct made Wright feel unsafe, anxious, and humiliated.

18. Cao's sexual conduct towards Wright was unwelcome and offensive, and was sufficiently severe or pervasive to have the effect of imposing different terms, conditions, or privileges of her housing arrangement and interfering with her enjoyment of housing.

19. Le and Nguyen are liable for the discriminatory practices of their agent, Cao, at the E. Crowley properties.

20. Mai Cao, as a co-owner of the rental property, is liable for the discriminatory practices of her agent, Cao, at the York Court property.

### Sexual Harassment of Malika Hollumn

21. In January 2014, Hollumn learned about a unit available for rent at 1614 E. Tulsa Street. This property was owned by Defendants Le and Nguyen.

22. Hollumn signed a year-long lease and moved into the unit on or about February 1, 2014.

23. From March 2014 through the termination of Hollumn's tenancy approximately five months later, Cao subjected Hollumn to severe, pervasive, and unwelcome sexual harassment on multiple occasions, including but not limited to:

    a. Grabbing her breasts and buttocks;

    b. Conditioning tangible housing benefits, including repairs and forgiving or reducing rent, on engaging in sexual conduct with Cao;

    c. Repeatedly asking for sex; and

    d. Making sexual comments.

24. Hollumn refused all of Cao's sexual advances and indicated that his conduct was unwelcome.

25. On July 3, 2014, Hollumn filed a police report against Cao and told the police that Cao was asking for sex in exchange for rent.

26. On or about July 16, 2014, Cao asked Hollumn for sex and she refused. During this same interaction, after Hollumn's refusal, Cao served Hollumn a three-day notice to vacate.

27. On July 23, 2014, Hollumn was served with a notice of an eviction hearing for failure to pay rent on July 30, 2014.

28. On July 30, 2014, Hollumn attended her eviction hearing, and on or about August 1, 2014, the Sedgwick County Sheriff's Office evicted her and her grandchildren.

29. Cao's conduct made Hollumn feel unsafe, anxious, and humiliated.

30. Cao's sexual conduct towards Hollumn was unwelcome and offensive, and was sufficiently severe or pervasive to have the effect of imposing different terms, conditions, or privileges of her housing arrangement and interfering with her enjoyment of housing.

31. Le and Nguyen, as owners of the rental property, are liable for the discriminatory practices of their agent, Cao, at 1614 E. Tulsa Street.

### Cao's Sexual Harassment of Other Tenants

32. On multiple occasions from approximately 2010 to approximately 2014, Cao made unwelcome sexual comments and advances to female tenants in addition to Wright and Hollumn, including unwelcome touching, comments about their bodies, questions about their sexual partners, and requests for sex or sexual acts in exchange for tangible housing benefits, including forgiving or reducing rent. These tenants lived in buildings owned by Le and Nguyen. Upon information and belief, Cao made similar sexual comments and advances to at least one female tenant at properties co-owned by Cao and Mai Cao.

33. Cao's conduct toward these women was sufficiently severe or pervasive to have the effect of imposing different terms, conditions, or privileges of their housing and interfering with their enjoyment of housing.

34. Cao initiated eviction proceedings against female tenants after they refused to comply with his requests for sex or sexual acts.

35. Cao's discriminatory housing practices described above in paragraphs 9-34 occurred while Cao exercised his authority as owner or property manager for the properties listed in paragraphs 5 and 6, including but not limited to collecting rent from female tenants, making repairs to units, and enforcing lease provisions.

36. Mai Cao, Le and Nguyen are liable for the discriminatory practices of their agent, Cao.

### HUD COMPLAINTS AND CHARGE OF DISCRIMINATION

37. Wright filed a timely complaint of discrimination on the basis of sex against Cao and Mai Cao under 42 U.S.C. § 3610(a).

38. Hollumn filed a timely complaint of discrimination on the basis of sex against Cao, Le and Nguyen under 42 U.S.C. § 3601(a).

39. As required by 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD:

    a. Conducted and completed an investigation of Wright's complaint, attempted conciliation without success, and prepared a final investigative report; and

    b. Conducted and completed an investigation of Hollumn's complaint, attempted conciliation without success, and prepared a final investigative report.

40. Based upon the information gathered in the investigation, the Secretary determined under 42 U.S.C. § 3610(g)(1) that reasonable cause existed to believe that Cao and Mai Cao engaged in illegal discriminatory housing practices against Wright and that Cao, Le, and Nguyen engaged in illegal discriminatory housing practices against Hollumn.

41. Therefore, on November 13, 2017, the Secretary issued a Charge of Discrimination under 42 U.S.C. § 3610(g)(2)(A) against Cao and Mai Cao on behalf of Wright and against Cao, Le and Nguyen on behalf of Hollumn.

42. As permitted by 42 U.S.C. § 3612(a), Wright elected on November 16, 2017 to have the claims asserted in the Charge of Discrimination resolved in a civil action.

43. On November 17, 2017, an Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on the Charge of Discrimination.

44. On November 17, 2017, the Secretary of HUD authorized the Attorney General to commence a civil action under 42 U.S.C. § 3612(o) on behalf of Wright and Hollumn.

## COUNT I

45. Paragraphs 1 through 44 are re-alleged and incorporated by reference as though fully set forth herein.  By the actions and statements referred to in the foregoing paragraphs, Defendants' conduct constitutes:

   a. A denial of housing or making housing unavailable because of sex in violation of Section 804(a) of the FHA, 42 U.S.C. § 3604(a);

   b. Discrimination in the terms, conditions, or privileges of rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of Section 804(b) of the FHA, U.S.C. § 3604(b);

   c. The making of statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation of Section 804(c) of the FHA, 42 U.S.C. § 3604(c); and

   d. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, the rights granted or protected by Section 804 of the FHA, in violation of Section 818 of the FHA, 42 U.S.C. § 3617.

46. Wright and Hollumn are "aggrieved persons" as defined in 42 U.S.C. § 3602(i).

47. Wright and Hollumn have suffered damages as a result of Defendants' discriminatory conduct.

48. Defendants' discriminatory conduct was intentional, willful, or taken in reckless disregard of the rights of others.

## COUNT II

49. Paragraphs 1 through 48 are re-alleged and incorporated by reference as though fully set forth herein. By the actions and statements referred to in the foregoing paragraphs, Defendants have engaged in:

   a. A pattern or practice of resistance to the full enjoyment of rights granted by the FHA, in violation of 42 U.S.C. § 3614(a); or

   b. A denial to a group of persons of rights granted by the FHA, where such denial raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

50. In addition to Wright and Hollumn, there are other persons who were subjected to Cao's unwelcome sexual conduct or were otherwise harmed by such conduct. Such persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of Defendants' discriminatory conduct.

51. Defendants' discriminatory conduct was intentional, willful, or taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter an order that:

a. Declares that Defendants' actions, policies, and practices, as alleged herein, violate the FHA;

b. Enjoins Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

   i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental or lease of a dwelling;

   ii. Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of sex;

      iii. Stating any preference, limitation, or discrimination on the basis of sex;

      iv. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of their having exercised or enjoyed, any right under the FHA;

      v. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

      vi. Failing or refusing to take such affirmative steps as may be necessary to prevent recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' unlawful housing practices;

c. Requires Defendants to pay monetary damages to Wright, as authorized by 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1);

d. Requires Defendants to pay monetary damages to Hollumn, as authorized by 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1);

e. Awards monetary damages under 42 U.S.C. § 3614(d)(1)(B) to each additional person aggrieved by Defendants' discriminatory housing practices; and

f. Assesses a civil penalty against each Defendant in order to vindicate the public interest, as authorized by 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3).

The United States further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

## REQUEST FOR PLACE OF TRIAL

The plaintiff, United States of America, requests that the above-entitled case be placed on the docket for trial in Wichita, Kansas.

Dated: December 18, 2017

|  |  |
|---|---|
|  | JEFFERSON B. SESSIONS III<br>Attorney General |
| TOM BEALL<br>United States Attorney<br>District of Kansas | JOHN M. GORE<br>Acting Assistant Attorney General<br>Civil Rights Division |
| /s/ Jason Oller<br>JASON OLLER<br>Assistant United States Attorney<br>500 State Avenue, Suite 360<br>Kansas City, Kansas 66101<br>Phone: (913) 551-7630<br>Fax: (913) 551-6541<br>E-mail: Jason.Oller@usdoj.gov | SAMEENA SHINA MAJEED<br>Chief<br><br> /s/ Onjil McEachin<br>CATHERINE A. BENDOR<br>Deputy Chief<br>ONJIL McEACHIN<br>KATHERINE A. RAIMONDO<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Northwestern Building, 7th Floor<br>Washington, DC  20530<br>Phone: (202) 353-4136<br>Fax: (202) 514-1116<br>Onjil.McEachin@usdoj.gov<br><br>Attorneys for Plaintiff<br>United States of America |