# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

THONG CAO, INDIVIDUALLY AND
D.B.A. CAO PROPERTIES & RENTALS,
MAI CAO, VAN T. LE, and TONG
NGUYEN,

    *Defendants.*

Case No. 17-cv-01310-EFM-GLR

# MEMORANDUM AND ORDER

The Government initiated this action on December 18, 2017, alleging that Defendant Thong Cao ("Cao") subjected female tenants at rental properties he managed, and in some cases co-owned, to severe and pervasive sexual harassment in violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq. The Government claims that Defendants Van T. Le and Tong Nguyen ("Defendants"), as the owners of some of the rental properties managed by Cao when the alleged harassment occurred, are liable for Cao's discriminatory actions. Defendants filed the instant Motion to Dismiss and Request for Hearing in which they contend that they did not own

the properties in question at the time of Cao's alleged harassment. For the following reasons, Defendants' Motion to Dismiss (Doc. 14) is hereby denied.[1]

## I. Factual and Procedural Background

On December 18, 2017, the Government filed a Complaint alleging that Cao, Mai Cao, and Defendants violated the FHA. The Complaint alleges that Cao sexually harassed a number of female tenants at rental properties he managed, and that such harassment constitutes discrimination on the basis of sex in violation of the FHA. In its initial Complaint, the Government alleged that Defendants owned three of the rental properties managed by Cao during the time period he was harassing tenants at those properties.[2] Additionally, the Government alleged that Defendants were liable for the discriminatory practices of Cao, their agent. The Complaint alleged that Cao's harassment dated approximately from 2010 to 2014.

On March 29, 2018, the Government filed an Amended Complaint, which added allegations of harassment by Cao at an additional property owned by Defendants—1621-1625 E. Crowley Street, and alleged a pattern of harassment by Cao at properties owned by Defendants dating back to approximately 2001.

On April 16, 2018, Defendants filed the present three-page motion. In their motion, Defendants refer only to the three properties referenced in the Amended Complaint—1614 E. Tulsa Street; 1620 E. Tulsa Street; and 1615 E. Crowley Street—and state that they "have no connection to the above-mentioned properties" and "no knowledge, control or connection to any unlawful acts that are alleged [to] have taken place in those properties." They argue that they sold

---

[1] The Court has decided that oral argument will not materially assist in the determination of this motion.

[2] 1614 E. Tulsa Street; 1620 E. Tulsa Street; and 1615 E. Crowley Street.

the properties to Cao and Mai Cao in November 2006 and attach several exhibits that purportedly support their assertions.

The Government, in opposition, contests that local land records indicate that Defendants owned these properties until 2016. Moreover, the Government points out that Defendants' motion was filed before any discovery has occurred in this case, and the Government believes that it will obtain additional evidence in discovery that will refute Defendants' claims. Defendants did not file a reply.

**II. Discussion**

Defendants' motion is captioned: "Motion to Dismiss and Request for Hearing." But, rather than moving under Fed. R. Civ. P. 12, Defendants have moved "pursuant to rule 56(b) to Dismiss this lawsuit . . . ."[3] In the motion, Defendants provide eight, individually-numbered reasons that this case should be dismissed. It is not clear whether Defendants intend for these eight assertions to be considered their statement of uncontroverted facts. Under the heading "Prayer for Relief," Defendants note:

> Defendants Tong Nguyen and Van Le, have submitted all of the available evidence in support of their contentions and assertions. Government has not provided any contemporaneous evidence by way of documents, testimony or direct evidence to implicate the Defendants, other than to repeatedly recite mere allegations of agent relationships to the Co-Defendants.

---

[3] Motions to dismiss are governed by Fed. R. Civ. P. 12, which Defendants do not cite to, nor reference. Because Defendants cite Rule 56, which governs motions for summary judgment, the Court will treat Defendants motion as one for summary judgment. Motions for summary judgment are typically made after the parties have had an opportunity for discovery. *See Trans-Western Petroleum, Inc. v. U.S. Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016) (noting that "discovery is the norm prior to granting summary judgment").

In support of their prayer to this Court, Defendants' counsel helpfully quoted Fed. R. Civ. P. 56(a), (c)(1), and (c)(4) verbatim. However, Defendants did not provide any supporting legal authority, nor did Defendants perform any legal analysis.

The reasons for denying Defendants' motion are numerous. The motion was poorly written, it is wholly unsupported, and clearly premature. Essentially, Defendants' motion is a list of eight facts Defendants believe to be uncontroverted followed by excerpts from Rule 56. Defendants have not shown that there are no genuine disputes as to any material facts. Nor have Defendants shown that they are entitled to judgment as a matter of law. The Amended Complaint alleges a pattern of harassment by Cao at properties owned by Defendants dating back to approximately 2001. Defendants do not dispute that they owned the properties before November 2006. And the Government has created an issue of fact concerning whether Defendants owned the properties at issue until 2016. Additionally, Defendants have not submitted any admissible evidence that would suggest that Cao was not acting as their agent. Accordingly, Defendants are not entitled to summary judgment and will not be dismissed from this case at this time.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Request for Hearing (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of July, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE