# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

THONG CAO, Individually and d/b/a CAO PROPERTIES & RENTALS, MAI CAO, VAN T. LE, and TONG NGUYEN,

    *Defendants.*

Case No. 17-1310-EFM

## MEMORANDUM AND ORDER

Plaintiff United States of America filed suit against Defendants Thong Cao, individually and doing business as Cao Properties and Rentals; Mai Cao; Van T. Le; and Tong Nguyen. The Caos, and their business, are the only Defendants remaining in the case. Plaintiff brings suit under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, alleging that Thong Cao engaged in severe and pervasive sexual harassment against multiple women whom were tenants in rental units owned by Defendants.

Defendant Mai Cao now moves the Court to grant partial summary judgment in her favor (Doc. 56). She asserts that she is not vicariously liable for Thong Cao's misconduct because there is insufficient evidence to demonstrate that she acted as Thong Cao's principal. Because the Court finds that genuine issues of material fact exist, the Court denies Defendant's motion.

# I. Factual and Procedural Background[1]

Plaintiff United States alleges that Defendant Thong Cao engaged in sexual harassment of female tenants of properties that he owned and/or managed between 2009 and 2014. Defendant Mai Cao solely owned, or co-owned with Thong Cao, several properties at which the harassment occurred. Thong and Mai Cao are married. Thong Cao was the ultimate decision maker for all aspects of the management of the residential rental properties during the time that he and/or Mai Cao owned them, including but not limited to, accepting or rejecting prospective tenants, setting rates for rent and security deposits, collecting rent, and performing evictions.

Mai Cao performed accounting and bookkeeping functions for the rental properties. Rental income from the properties that Mai Cao solely owned or co-owned with Thong Cao was used jointly by Thong and Mai Cao and reported on tax returns filed jointly by Thong and Mai Cao. The Cao's made decisions regarding evictions together. Defendant Mai Cao now moves for partial summary judgment asserting that she is not vicariously liable because she was simply a passive owner of some of the properties at issue.[2]

# II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[3]

---

[1] Only the uncontroverted facts are set forth, and they are set forth in the light most favorable to Plaintiff, the non-moving party.

[2] Defendant Mai Cao originally moved for partial summary judgment, in part, on the basis that there was insufficient evidence to establish that she owned several of the properties and thus could not be vicariously liable. In her reply brief, she acknowledges that "there are likely factual disputes related to the properties' ownership." Doc. 59, p. 1. Thus, the Court will only address Mai Cao's argument that she cannot be held vicariously liable by virtue of an agency relationship.

[3] Fed. R. Civ. P. 56(a).

The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[4] If the movant carries its initial burden, the nonmovant may not simply rest on its pleading but must instead "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.[5] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[6] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[7]

### III. Analysis

The FHA provides for vicarious liability.[8] "A person is vicariously liable for a discriminatory housing practice by the person's agent or employee, regardless of whether the person knew or should have known of the conduct that resulted in a discriminatory housing practice, consistent with agency law."[9] "It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment."[10] "While sexual harassment committed

---

[4] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 325 (1986)).

[5] *Id*. (citing Fed. R. Civ. P. 56(e)).

[6] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[8] *Meyer v. Holley*, 537 U.S. 280, 285 (2003).

[9] 24 C.F.R. § 100.7(b).

[10] *Meyer,* 537 U.S. at 285 (citations omitted).

by an agent is typically not considered within the scope of his authority, there is an exception to this rule. A principal may be vicariously liable where the agent 'was aided in accomplishing the tort by the existence of the agency relationship.' "[11] Generally, it is a question of fact as to whether an agency relationship exists.[12]

Here, Defendant Mai Cao argues that there is no evidence that she was Thong Cao's principal because Thong Cao was the ultimate decision maker. Indeed, the evidence demonstrates that Thong Cao managed the properties. Yet, courts have routinely determined in similar circumstances that property owners may be vicariously liable under the FHA when the property manager used the agency relationship to facilitate the harassment.[13] Thus, although Thong Cao performed the management responsibilities, Mai Cao's status as an owner of the property exposes her to vicarious liability by virtue of the owner-manager agency relationship.[14]

Furthermore, there is evidence that Mai Cao performed bookkeeping functions and shared in the rental income. There is also evidence that Mai and Thong Cao made decisions regarding

---

[11] *Metro. Fair Hous. Council of Okla., Inc. v. Pelfrey*, 292 F. Supp. 3d 1250, 1252 (W.D. Okla. 2017) (quoting *West v. DJ Mortgage, LLC*, 271 F. Supp. 3d 1336, 1355 (N.D. Ga. 2017) (quoting Restatement (Second) Agency § 219(2)).

[12] *Nat'l Football Scouting Inc. v. Cont'l Assurance Co.*, 931 F.2d 646, 649 (10th Cir. 1991) (finding that the district court erred in granting summary judgment because there was an issue of fact regarding the agency relationship at issue).

[13] *See Pelfrey,* 292 F. Supp. 3d at 1253-54 (finding that if the property manager is found to have sexually harassed the plaintiff-tenants, the owner of the properties would be vicariously liable because "such sexual harassment would have been aided and abetted by the agency relationship that necessarily existed to manage the properties"); *West*, 271 F. Supp. 3d at 1356-57 (denying summary judgment by finding that sufficient evidence existed that the property manager perpetrated his unlawful conduct through his power as property manager and the agency relationship between the property manager and owner may have facilitated the conduct); *Richards v. Bono*, 2005 WL 1065141, *7 (M.D. Fla. 2005) (denying the co-owner's motion to dismiss by collecting cases and noting that "[s]everal courts have held that both spouses are liable when one spouse engages in discriminatory conduct while renting jointly owned property" because the spouse acting as the property manager acted as an agent to the co-owner and thus the co-owner could be held vicariously liable).

[14] As noted above, Defendant Mai Cao concedes that there are questions of fact as to the ownership of several of the properties.

evictions together. Thus, there is evidence demonstrating a genuine issue of material fact as to how the agency relationship worked. In sum, issues of fact preclude summary judgment.

**IT IS THEREFORE ORDERED** that Defendant Mai Cao's Motion for Partial Summary Judgment (Doc. 56) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of October, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE